Sneed, J.,
delivered the opinion of the Court.
The action was against the plaintiff in error as endorser of a promissory note made by Morgan L. Smith for one thousand dollars, dated Memphis, Tenn., December 12, 1866, and payable to order of plaintiff in error at ninety days, and by him endorsed and delivered to the defendants in error. The verdict and judgment below were against the endorser, and he has appealed in error. The maker of the note was an officer of the army of the United States during the late civil war, and in 1864 was the commander of the post at Memphis, where he then had an office. At the time of the making and maturity of the note, he had no place of business or residence in Memphis. It is not shown where he was or where he resided at the time of the maturity of the note. The defense was a want of diligence in the holder *208 in’making demand of' the maker." The'plaintiffs' be-’ low- relied upon the certificate of- the notary to excuse-demand. The certificate offtlie-’n&tdry'is in the words following: “ Be it known that on the day of the date hereof I, Frank P. Dougherty, Notary Public for the county of Shelby, State- of Tennessee, duly commissioned and sworn according to law, residing and practicing in the' city of Memphis, in said State, at the- request of Charles P. Norris, Cashier, the-holder, made diligent search and careful inquiry to find Morgan L. Smith, to present to him the original note, whereof a true copy is on the other side written, and demand payment thereof, but -without success.” The court charged the jury that the declaration of the notary in or on his protest, that he made “diligent-search and careful1 inquiry” for’’the maker; but without success, is prima ' facie evidence that he did these things,1 and they would be - bound to ’ find for the plaintiff unless the defendant brings proof to show that ’ the notary did not; use diligence: This is not the law. The liability of ’ the' endorsee was contingent and-conditional, depending : upon the exercise of düé diligence in the holder in demanding ' payment of the: maker, or showing such circumstances as would' excuse it. The question’ of diligence is a question of law-'‘and fact to 'be-determined by the court and jury, and’ -not to be certified -by the notary:- The endorsee1 ha'si a-right to contest- his - liability upon! the ground that-1 due diligence has not-'in- fact been exercised,-and thdrnotarial certificate must recite-;the- facts which are to- be'relied on to prove or excuse-- demand that the *209 endorsee may rebut them. The certificate in this case-states a conclusion of law, and not a fact that may be met by proof. If the liability of an endorser is-to be fixed by the mere statement of the notary that he used due diligence in making demand, it would place the endorsee always in the power of the notary,, for it would be difficult to contradict a conclusion of law where no facts are stated as its basis. By our statute the notary’s certificate of the notice of dishonor is made prima faoie evidence of the fact of notice. Code, Sec. 1800. The case of Golladay v. The Bank of the Union, relied upon by the counsel for defendants in error, does not sustain them. 2 Head, 59. That was an adjudication upon the certificate of a notice under the statute. But the statute is a departure from the principles of the common law, and it can not be construed to embrace any thing not expressly named. It gives no new verity or dignity to the notarial certificate that did not belong to it at common law, except as to the giving of notice, which is a fact requiring physical action, and not a conclusion of law. The court in that case only determines that a certificate of notice in the the words, “I thus notified drawers and endorsers,” was sufficient under the statute, which certainly would not have been before. The true principle governing such cases is, in the language of Chancellor Kent, that due diligence must be used to find out the party and make the demand; and the inquiry will always be tohether, under the circumstances of the ease, due diligence has been used. 3 Kent Com., 96. But *210 these circumstances must be stated in the certificate, that the court and jury may see whether there has been due diligence. They may disagree with the notary. There must appear some fact to excuse demand: as that the maker could not be found at his last place of business, or that he had absconded, and his place of residence deserted, or left the State; or that the endorser, and others likely to know his whereabouts, had been inquired of and could not tell, or some other of the many facts which will excuse demand, as recognized in the books. In the case of Shed v. Britt, 1 Pick., 413, a witness by whom the diligence was to be proven was orally examined, he said he had made diligent search for the promissors, but could not find either of them. Parker, C. J., said: “The question is, whether going to their place of business, finding it shut, no person being left to answer questions, is due diligence.” We put out of the cases, says he, the declaration of the witness that he made “diligent inquiry,” because it does not appear where and of whom he inquired. And so, in another case, the certificate recited that the notary went to various places, making “diligent inquiry” of divers persons for the promissor, but could not find him, nor any one knowing him, nor any one with funds for the payment of the note, and the court held he ought to have inquired of the endorser. Porter v. Judson, 1 Gray, 175; Wheeler v. Field, 6 Met., 290; Packard v. Lyons, 5 Duer., 82. The notarial protest by the law and usage of merchants is credited everywhere, and is generally prima facie evidence of the facts it *211 recites; but it must state facts, and not legal conclusions. The words “diligent search” and “careful inquiry” state no facts that the plaintiff in error could well meet and rebut; they are the same in sense, and both but the synonyms of “ due diligence,” which is a question to be determined by the court and jury, and not by the notary.
Let the judgment be reversed, and a new trial awarded.